Wednesday, 20 August, 2014 04:02:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KEVIN RICHARD CARMODY<br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF<br>THE UNIVERSITY OF ILLINOIS,<br>*et al*.<br>    Defendants. | No. 2:12-cv-02249-CSB-JEH |

**ORDER**

Now before the Court is the Plaintiff's Motion to Strike Affirmative Defenses (Doc. 29). The Motion is fully briefed. For the reasons stated herein, the Motion is DENIED.

**I**

The Plaintiff, Kevin Richard Carmody (Carmody), filed his Complaint (Doc. 1) on September 24, 2012 alleging he was terminated from his employment with the University of Illinois without due process of law and that retaliatory action was taken against him in violation of the Illinois Whistle Blower Protection Act, 5 ILCS 430/15-10. The Defendants' Motion to Dismiss (Doc. 7) Carmody's entire Complaint was granted on May 15, 2013. However, on March 28, 2014, the Seventh Circuit Court of Appeals reversed the judgment dismissing Carmody's due process claim and remanded it for further proceedings limited to whether Carmody was denied a constitutionally adequate pre-termination hearing. *Carmody v Board of Trustees of University of Illinois*, 747 F3d 470, 481 (7th Cir 2014). The Seventh Circuit affirmed the dismissal of Carmody's claim under

1

5 ILCS 430/15-10. Id. On July 21, 2014, the Defendants filed their Answer and Affirmative Defense (Doc. 28). In their Answer, the Defendants assert as an affirmative defense that they are entitled to qualified immunity.

## II

In his Motion to Strike Affirmative Defenses, the Plaintiff argues that the Defendants' purported affirmative defenses are not within the matters delineated and articulated in Federal Rule of Civil Procedure 8(c). He further argues that Paragraphs 1 and 2 of the Defendants' Affirmative Defenses are essentially redundant articulations of their denials of the facts stated by Carmody in his Complaint.

Rule 8(c) provides in relevant part that, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, *including* [18 specifically identified affirmative defenses]." FRCP 8(c) (emphasis added). Rule 8(c) does not provide that the only possible affirmative defenses are those that are specifically enumerated, as the rule merely "identifies a nonexhaustive list of affirmative defenses that must be pleaded in a response." Jones v Bock, 549 US 199, 212 (2007). Thus, Carmody's qualified immunity affirmative defense does not fail due to the fact that it is not one specifically identified in Rule 8(c).

As for the Plaintiff's next argument, he says that the Defendants cannot raise the affirmative defense of qualified immunity because the Seventh Circuit and the Defendants' own writings attached as Exhibits to the Complaint articulate that the Defendants knew the Plaintiff clearly had to be given a pre-termination opportunity to respond to the charges. An analysis of the qualified immunity defense involves two questions: 1) whether, taking the facts in the light most favorable to the plaintiff, the official violated a constitutional right; and 2) whether the right was clearly established in light of the specific context of the case. Sullivan v Ramirez, 360 F3d 692, 697 (7th Cir 2004). Given the twofold

inquiry, it is too early in this case to make the determination that qualified immunity does not apply so that the affirmative defense should be stricken. The Plaintiff's argument for striking the qualified immunity defense addresses the first inquiry, but development of the facts (which has not yet occurred here) will have an effect upon the second inquiry. Therefore, it does not appear to a certainty that the Plaintiff would succeed despite any state of the facts which could be proved or inferable in support of the Defendants' qualified immunity defense. See *Williams v Jader Fuel Co*, 944 F2d 1388, 1400 (7th Cir 1991) (explaining that "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings") (quotation marks and citations omitted).

### III

For the reasons set forth above, the Plaintiff's Motion to Strike Affirmative Defenses ([Doc. 29](#)) is DENIED.

Entered on August 20, 2014

                                              s/Jonathan E. Hawley
                                            U.S. MAGISTRATE JUDGE