**E-FILED**
Friday, 18 December, 2015  02:54:35 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| KEVIN RICHARD CARMODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2012-CV-2249 |
| | ) | |
| SHARON REYNOLDS, JOSEPH BOHN, | ) | |
| and DEBORAH S. STONE, | ) | |
| | ) | |
| Defendants. | ) | |

## PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Michael J. Tague having appeared as counsel for the Plaintiff; and

William J. Brinkmann having appeared as counsel for the Defendants;

the following action was taken:

## I.  NATURE OF ACTION AND JURISDICTION

This is an action for violation of Plaintiff's procedural due process rights prior to his termination of employment with the University of Illinois, and the jurisdiction of the Court is invoked under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

## II. JOINT STATEMENT

A.    JURISDICTION

The jurisdiction of the Court is proper under 42 U.S.C. §1983 as the Plaintiff claims he was deprived of a valuable property interest when his employment with the University of Illinois was terminated without the Plaintiff being afforded adequate procedural due process.

B.    UNCONTESTED ISSUES OF FACT

1.    Plaintiff worked for the University of Illinois for 25 years. For the last 22 years of his employment, he was Manager of Systems Services in the Department of Industrial and Enterprise Systems Engineering (IESE).

2.    In 2009, Plaintiff filed a complaint against the University of Illinois Professor, David Goldberg, in the Circuit Court of Champaign County, bearing case #09-L-133 (Goldberg litigation).  Plaintiff claimed that Goldberg was liable for assault based upon conduct which occurred in 2005. On or about June 8, 2010, during the pendency of the Goldberg litigation, Plaintiff came into possession of email documents (hereinafter referred to as "Exhibit A") he believed to have relevance to the state court litigation.

3.    Exhibit A contained about 40 pages of emails from or to University employee Deborah Thurston from 2005 to 2007. Some of the emails discussed Goldberg. Plaintiff was not listed as a recipient or author of any of the email messages in Exhibit A. Exhibit A included emails marked "confidential" and "attorney-client privileged communication".

4.    Plaintiff gave the documents comprising Exhibit A to the attorneys representing him in the Goldberg litigation, Ruth Wyman and Robert Kirchner.

5.    On June 23, 2010, Plaintiff's attorneys attached these documents, as Group Exhibit A, to Plaintiff's Response to Defendants' Motion in Limine filed in the Goldberg litigation.

6.    On June 25, 2010, an emergency hearing was held before Judge Chase Leonhard, the judge assigned to the Goldberg litigation, regarding the documents in Exhibit A.

7.    Judge Leonhard entered an order that stated:

> The court is going to enter an order here precluding any party from making an immediate or mediate use of any documents that are in the Group Exhibit A attached to Plaintiffs Response to Defendants' Motion in Limine which haven't previously been disclosed. Moreover, the court is going to order that Group Exhibit A be placed under seal pending litigation of any further claims of privilege or relevance, and the court is further going to enter a protective order on the parties that there is to be no secondary dissemination of any of the contents of

2

Group Exhibit A, as the court has described them, beyond the respective litigation files of the three lawyers here.

8.      James Kearns gave the Group Exhibit A documents to Laura Clower, Associate University counsel.

9.      Defendant Debra Stone, Director of Academic Human Resources for the University, assigned Joseph Bohn, a Labor and Employee Relations Specialists with Academic Human Resources, and Defendant Sharon Reynolds, Assistant Director of Academic Human Resources to investigate the matter. As part o the investigation, Bohn spoke with Mike Corn, the University's City Privacy and Security Officer, and Charles Thompson, Plaintiffs supervisor as of July 1, 2010.

10.     Bohn and Reynolds conducted interviews with Deborah Thurston and Jong Shi-Pang, Plaintiffs supervisor prior to July 1, 2010.

11.     On July 19, 2010, Plaintiff was given a letter setting out charges against him signed by Ilesanmi Adesida, the Dean of the College of Engineering. The letter stated, in pertinent part:

> The College of Engineering has been alerted to serious concerns related to the improper use of and/or access to electronic communications. This letter is to notify you that you are a subject of an investigation into those concerns and that Academic Human Resources, in conjunction with the College of Engineering, will be conducting that investigation.

> More specifically, these misconduct allegations are based on the following:

> 1.      It is alleged that on June 23, 2010, your attorney filed documents called "Exhibit A". The Exhibit contains some emails from or to University employee Deborah Thurston from 2005 and 2007. The materials included attorney-client privileged communications, job related communications and personal correspondence. You are not listed as a recipient or author of any of the email messages. It is alleged that you attempted to use the substance of the email messages for non-university related purposes and without permission. Furthermore, there are open questions regarding how you came into possession of these documents, specifically whether you obtained them through improper access.

> If substantiated, such acts of misconduct are a violation of university policy, including but not limited to the University Code of Conduct and the Policy on Appropriate Use of Computers and Network Systems at the University of IL at Urbana-Champaign.

12.     The letter informed Plaintiff that these were very serious allegations that may result in disciplinary action, up to and including immediate dismissal. The letter stated that a

3

meeting would be held on July 21, 2010 where Plaintiff would "have an opportunity to respond to all charges". The letter also stated that Plaintiff was placed on administrative leave with pay pending the outcome of the investigation.

13.     The date of the meeting was changed to July 28, 2010. At the meeting, Bohn and Reynolds attempted to question Plaintiff, Kevin Carmody, about the Exhibit A emails.

14.     Plaintiff's attorney, Robert Kirchner, informed Bohn and Reynolds that Plaintiff would not answer any questions about Exhibit A because of Judge Leonhard's order.

15.     Counsel for the University contacted Plaintiff's attorney by letter, Aug. 11, 2010, giving notice that the University would continue its investigation, that the University did not interpret Judge Leonhard's ruling as preventing the University from using its own documents as necessary to determine if a breach of security occurred and offering to join with Plaintiffs attorney to clarify the judge's order.

16.     On Sept. 7, 2010, Defendants Bohn and Reynolds submitted a report to Charles Thompson and Defendant Debra Stone regarding their investigation.

17.     On Sept. 10, 2010, University attorney Laura Clower wrote to Carmody's attorney offering an opportunity to respond to the recommendations and findings. The response by Carmody's attorney and further response by University's attorney in correspondence dated Sept. 1 5, 2010 and Sept. 17, 2010 contained Plaintiff Kevin Carmody's and the University's responses to the Sept. 7, 2010 report and recommendation.

18.     Plaintiff was informed through his attorney that a decision relating to the investigation would be made on Sept. 23, 2010. On Sept. 23, 2010, Plaintiffs attorney, Robert Kirchner, filed a motion relating to the state court's Protective Order and a hearing was had that day with attorneys Kirchner, Wyman, Kearns and Lietz in attendance. At the hearing, Judge Leonhard vacated the Protective Order.

19.     On Sept. 23, 2010, a letter was sent to Plaintiff by Debra Stone and Charles Thompson terminating Plaintiffs employment effective that day. The letter stated:

> The University finds that you did in fact engage in the alleged misconduct, violating the University Code of Conduct and the Policy on Appropriate Use of Computers and Network Systems at the University of Illinois at UrbanaChampaign. In particular, we find that you attempted to use the substance of the email messages in "Group Exhibit A" for non-university related purposes and without permission. It is more probable than not that the documents contained in "Group Exhibit A" were obtained from Deborah Thurston's computer. Furthermore, it is more probable than not that you obtained the documents in "Group Exhibit A" through improper access. As an Information Technology professional, you did not immediately report the breach of security to your supervisor when you came into possession of the documents constituting "Group Exhibit A".

4

As you know, the protection and security of our information technology equipment and date are of utmost concern for the University. Given your position's responsibilities to ensure that security and because of your actions, we can no longer trust you to carry out the responsibilities of your position.

C.    CONTESTED ISSUES OF FACT

1.    Wether Plaintiff received fair notice of all of the charges against him.

2.    Whether Plaintiff was provided with a meaningful opportunity to respond to the charges against him relating to documents referred to as "Group Exhibit A" due to the existence of a state court protective order.

3.    Whether Plaintiff was reasonably diligent in attempting to vacate or modify the state court protective order.

4.    Whether continued delay would have imposed an undue burden on the University.

5.    The nature and amount of damages claimed by Plaintiff.

D.    CONTESTED ISSUES OF LAW

1.    Whether each of the Defendants are protected by qualified immunity.

E.    JURY DEMAND

The Plaintiff has demanded a trial by jury.

## III.  PLAINTIFF'S STATEMENT

A.    ITEMIZED STATEMENT OF DAMAGES

1.    Lost salary at the rate of $73,695 from September 23, 2010, to date (5.3 years x $73,695 = $390,583).

2.    Lost salary until normal retirement age (65) $736,950.

3.    Compensatory damages for emotional distress to be determined by trier of fact.

4.    Punitive damages to be determined by the trier of fact.

## IV.  EXHIBITS ATTACHED

The following are attached as exhibits to this Order and made a part hereof:

A.      Stipulation of Uncontested Facts and Issues of Law (signed by all parties)

B.      Plaintiff's Witness List

C.      Defendant's Witness List (for each Defendant)

D.      Plaintiff's Exhibit List

E.      Defendants' Exhibit List (for each Defendant)

F.      Joint Exhibit List

G.      Proposed Jury Instructions (Joint)

H.      Plaintiff's Proposed Instructions (only if objections by Defendants)

I.       Defendant's Proposed Instructions (only if objections by Plaintiff)

## V.  GENERAL ADDITIONAL

The following additional action was taken:

[Recite amendments to pleadings, additional agreements of the parties on the qualifications of expert witnesses or any other subject, disposition of motions at the conference, etc., if necessary. If no such action was taken, leave this paragraph out of the Order.]

IT IS UNDERSTOOD BY THE PARTIES THAT:

The plaintiff(s) is (are) limited to _____ expert witnesses whose names and qualifications have been disclosed to the defendant(s).  The defendant(s) is (are) limited to _____ expert witnesses whose names and qualifications have been disclosed to the plaintiff(s).

[This paragraph does not refer to treating or examining physicians or other highly trained witnesses who have actual knowledge of the case.  It should be left out if no expert witnesses have been listed.]

Any Trial Briefs or Motions in limine must be filed as directed by the Court but in no event less than 14 days prior to trial. [Leave out if no trial briefs will be used.]

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed five (5) full days.  The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice.  Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.


_____
                                                              JUDGE


ENTERED:        _____



APPROVED AS TO FORM AND SUBSTANCE:
s/Michael J. Tague


_____
Michael J. Tague, Attorney for Plaintiff
s/William J. Brinkmann


_____
William J. Brinkmann, Attorney for Defendants


Prepared by:
Michael J. Tague
FLYNN, PALMER, TAGUE & JACOBSON
402 West Church Street
Champaign, IL  61820
Telephone:      217-352-5181
Fax:               217-352-7964
Email:            fpt5law@aol.com

7

# EXHIBIT "A"
## STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW

1.      Plaintiff worked for the University of Illinois for 25 years. For the last 22 years of his employment, he was Manager of Systems Services in the Department of Industrial and Enterprise Systems Engineering (IESE).

2.      In 2009, Plaintiff filed a complaint against the University of Illinois Professor, David Goldberg, in the Circuit Court of Champaign County, bearing case #09-L-133 (Goldberg litigation). Plaintiff claimed that Goldberg was liable for assault based upon conduct which occurred in 2005. On or about June 8, 2010, during the pendency of the Goldberg litigation, Plaintiff came into possession of email documents (hereinafter referred to as "Exhibit A") he believed to have relevance to the state court litigation.

3.      Exhibit A contained about 40 pages of emails from or to University employee Deborah Thurston from 2005 to 2007. Some of the emails discussed Goldberg. Plaintiff was not listed as a recipient or author of any of the email messages in Exhibit A. Exhibit A included emails marked "confidential" and "attorney-client privileged communication".

4.      Plaintiff gave the documents comprising Exhibit A to the attorneys representing him in the Goldberg litigation, Ruth Wyman and Robert Kirchner.

5.      On June 23, 2010, Plaintiff's attorneys attached these documents, as Group Exhibit A, to Plaintiff's Response to Defendants' Motion in Limine filed in the Goldberg litigation.

6.      On June 25, 2010, an emergency hearing was held before Judge Chase Leonhard, the judge assigned to the Goldberg litigation, regarding the documents in Exhibit A.

7.      Judge Leonhard entered an order that stated:

> The court is going to enter an order here precluding any party from making an immediate or mediate use of any documents that are in the Group Exhibit A attached to Plaintiffs Response to Defendants' Motion in Limine which haven't previously been disclosed. Moreover, the court is going to order that Group Exhibit A be placed under seal pending litigation of any further claims of privilege or relevance, and the court is further going to enter a protective order on the parties that there is to be no secondary dissemination of any of the contents of Group Exhibit A, as the court has described them, beyond the respective litigation files of the three lawyers here.

8.      James Kearns gave the Group Exhibit A documents to Laura Clower, Associate University counsel.

9.      Defendant Debra Stone, Director of Academic Human Resources for the University, assigned Joseph Bohn, a Labor and Employee Relations Specialists with Academic Human Resources, and Defendant Sharon Reynolds, Assistant Director of Academic Human Resources to investigate the matter. As part o the investigation, Bohn spoke with Mike Corn, the University's City Privacy and Security Officer, and Charles Thompson, Plaintiffs supervisor as of July 1, 2010.

10.      Bohn and Reynolds conducted interviews with Deborah Thurston and Jong Shi-Pang, Plaintiffs supervisor prior to July 1, 2010.

11.      On July 19, 2010, Plaintiff was given a letter setting out charges against him signed by Ilesanmi Adesida, the Dean of the College of Engineering. The letter stated, in pertinent part:

> The College of Engineering has been alerted to serious concerns related to the improper use of and/or access to electronic communications. This letter is to notify you that you are a subject of an investigation into those concerns and that Academic Human Resources, in conjunction with the College of Engineering, will be conducting that investigation.
>
> More specifically, these misconduct allegations are based on the following:
>
> 1.      It is alleged that on June 23, 2010, your attorney filed documents called "Exhibit A". The Exhibit contains some emails from or to University employee Deborah Thurston from 2005 and 2007. The materials included attorney-client privileged communications, job related communications and personal correspondence. You are not listed as a recipient or author of any of the email messages. It is alleged that you attempted to use the substance of the email messages for non-university related purposes and without permission. Furthermore, there are open questions regarding how you came into possession of these documents, specifically whether you obtained them through improper access.
>
>      If substantiated, such acts of misconduct are a violation of university policy, including but not limited to the <u>University Code of Conduct</u> and the <u>Policy on Appropriate Use of Computers and Network Systems at the University of IL at Urbana-Champaign</u>.

12.      The letter informed Plaintiff that these were very serious allegations that may result in disciplinary action, up to and including immediate dismissal. The letter stated that a meeting would be held on July 21, 2010 where Plaintiff would "have an opportunity to respond to all charges". The letter also stated that Plaintiff was placed on administrative leave with pay pending the outcome of the investigation.

13.     The date of the meeting was changed to July 28, 2010. At the meeting, Bohn and Reynolds attempted to question Plaintiff, Kevin Carmody, about the Exhibit A emails.

14.     Plaintiff's attorney, Robert Kirchner, informed Bohn and Reynolds that Plaintiff would not answer any questions about Exhibit A because of Judge Leonhard's order.

15.     Counsel for the University contacted Plaintiff's attorney by letter, Aug. 11, 2010, giving notice that the University would continue its investigation, that the University did not interpret Judge Leonhard's ruling as preventing the University from using its own documents as necessary to determine if a breach of security occurred and offering to join with Plaintiffs attorney to clarify the judge's order.

16.     On Sept. 7, 2010, Defendants Bohn and Reynolds submitted a report to Charles Thompson and Defendant Debra Stone regarding their investigation.

17.     On Sept. 10, 2010, University attorney Laura Clower wrote to Carmody's attorney offering an opportunity to respond to the recommendations and findings. The response by Carmody's attorney and further response by University's attorney in correspondence dated Sept. 1 5, 2010 and Sept. 17, 2010 contained Plaintiff Kevin Carmody's and the University's responses to the Sept. 7, 2010 report and recommendation.

18.     Plaintiff was informed through his attorney that a decision relating to the investigation would be made on Sept. 23, 2010. On Sept. 23, 2010, Plaintiffs attorney, Robert Kirchner, filed a motion relating to the state court's Protective Order and a hearing was had that day with attorneys Kirchner, Wyman, Kearns and Lietz in attendance. At the hearing, Judge Leonhard vacated the Protective Order.

19.     On Sept. 23, 2010, a letter was sent to Plaintiff by Debra Stone and Charles Thompson terminating Plaintiffs employment effective that day. The letter stated:

> The University finds that you did in fact engage in the alleged misconduct, violating the University Code of Conduct and the Policy on Appropriate Use of Computers and Network Systems at the University of Illinois at UrbanaChampaign. In particular, we find that you attempted to use the substance of the email messages in "Group Exhibit A" for non-university related purposes and without permission. It is more probable than not that the documents contained in "Group Exhibit A" were obtained from Deborah Thurston's computer. Furthermore, it is more probable than not that you obtained the documents in "Group Exhibit A" through improper access. As an Information Technology professional, you did not immediately report the breach of security to your supervisor when you came into possession of the documents constituting "Group Exhibit A".
>
> As you know, the protection and security of our information technology equipment and date are of utmost concern for the University. Given your

position's responsibilities to ensure that security and because of your actions, we can no longer trust you to carry out the responsibilities of your position.

s/Michael J. Tague

s/William J. Brinkmann

_____
Michael J. Tague, Attorney for Plaintiff

_____
William J. Brinkmann, Attorney for Defendants

EXHIBIT "B"
## WITNESS LIST FOR PLAINTIFF/DEFENDANT
(One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name: Carmody v. Board of Trustees | Case No: 2012-CV-2249 | Page 1 of 1 |
|---|---|---|

| Witness Name | Address (City and State Only) | Expert | Adverse |
|---|---|---|---|
| 1.  Kevin Carmody | Champaign, IL | | |
| 2.  Rhonda Perry | Urbana, IL | | X |
| 3.  Joseph Bohn | Urbana, IL | | X |
| 4.  Ilesanmi Adesida | Urbana, IL | | X |
| 5.  Sharon Reynolds | Urbana, IL | | X |
| 6.  Laura Clower | Urbana, IL | | X |
| 7.  Deborah Thurston | Urbana, IL | | X |
| 8.  Laura Willoughby | Urbana, IL | | X |
| 9.  Deborah Stone | Urbana, IL | | X |
| 10.  Charles Thompson | Urbana, IL | | X |
| 11.  Elyne Cole | Urbana, IL | | X |
| 12.  Jong Shi-Pang | San Diego, CA | | |
| 13.  Michael Leroy | Urbana, IL | | X |
| 14.  Shig Yasunaga | Peoria, IL | | |
| 15.  Michael Essig | Chicago, IL | | |
| 16.  Randy Elkins | Urbana, IL | | X |
| 17.  Debrah Hilligoss | Urbana, IL | | X |
| 18.  Michael Hogan | Columbus, OH | | |

EXHIBIT C

## WITNESS LIST FOR DEFENDANT

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:  Carmody v. Board of Trustees | Case No: 2012-CV-2249 | Page 1 of 1 |
|---|---|---|

| | Witness Name | Address (City and State Only) | Expert | Adverse |
|---|---|---|---|---|
| 1. | Kevin Carmody | Champaign, IL | | X |
| 2. | Rhonda Perry | Urbana, IL | | |
| 3. | Joseph Bohn | Urbana, IL | | |
| 4. | Ilesanmi Adesida | Urbana, IL | | |
| 5. | Sharon Reynolds | Urbana, IL | | |
| 6. | Laura Clower | Urbana, IL | | |
| 7. | Deborah Thurston | Urbana, IL | | |
| 8. | Laura Willoughby | Urbana, IL | | |
| 9. | Deborah Stone | Urbana, IL | | |
| 10. | Charles Thompson | Urbana, IL | | |
| 11. | Elyne Cole | Urbana, IL | | |
| 12. | Jong Shi-Pang | San Diego, CA | | |
| 13. | James Kearns | Urbana, IL | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT "D"

# EXHIBIT LIST FOR PLAINTIFF
## (One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name: Carmody v. Board of Trustees | Case No: 2012-CV-2249 | Page 1 of 2 |
| --- | --- | --- |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
| --- | --- | --- | --- | --- |
| 1 | July 19, 2010, Charging Letter | X | X | |
| 2 | September 7, 2010, Bohn and Reynolds Report | X | X | |
| 3 | 7-20/7-21 Email Exchange | | X | X |
| 4 | Pang and Thurston Talking Points | X | X | |
| 5 | 9/23/10 Termination Letter | X | X | |
| 6 | Thompson Memo on Group Exhibit A | X | X | |
| 7 | U of I Policy on Appropriate Use of Computers | X | X | |
| 8 | University Ethics Policy | X | X | |
| 9 | Group Exhibit A Documents | X | X | |
| 10 | Exchange of Correspondence between Attorneys Regarding Charges | | X | X |
| 11 | Emergency Hearing Transcript 6/25/2010 | X | X | |
| 12 | Talking Points for Carmody Meeting | X | X | |
| 13 | Notification of Appointment 8/16/2010 to 8/15/2011 | X | X | |
| 14 | August Exchange of Correspondence Regarding Protection Order | | X | X |
| 15 | Bohn's Privilege Log | | X | X |
| 16 | 7/13/2010 Email | | X | X |
| 17 | 9/23/10 Email 10:13 AM with Carmody Termination Letter | | X | X |
| 18 | 7/14/10 Email re: Charging Draft | | X | X |
| 19 | Email to Reynolds and Bohn with Correct Letter | | X | X |
| 20 | Thompson 7-14-10 Email to Bohn | | X | X |

| 21 | 7-21-10 Reynolds Email | | X | X |
|----|------------------------|--|---|---|
| 22 | 7-14-10 Email Revised Charging Letter | | X | X |
| 23 | Rairden Willoughby Privilege Log | | X | X |
| 24 | Rairden Email re: 9/1/2010 Meeting | | X | X |
| 25 | Defendants' Answers to Interrogatories | | X | X |
| 26 | State Court Proceedings 9-23-2010 | | X | X |
| 27 | Academic Staff Handbook | | X | X |
| 28 | University Statutes | | X | X |
| 29 | Life Tables | | X | X |
| 30 | Perry Post-Termination Summation | | X | X |
| 31 | Carmody Response to Perry Summation | | X | X |
| 32 | Requested Materials | | X | X |
| 33 | 11-9-2010 Memo Regarding Scope of Specific Issues | | X | X |
| 34 | LeRoy Email re: Ex Parte Matter 5/17/2011 | | X | X |
| 35 | Privilege Log 10-24-2014 | | X | X |
| 36 | LeRoy Draft 1-15-2011 | | X | X |
| 37 | LeRoy Draft 7-1-2011 | | X | X |
| 38 | LeRoy Report Final 7-11-2011 | | X | X |
| 39 | Carmody Appeal to Cole | | X | X |
| 40 | LeRoy Email 10-22-2010 | | X | X |
| 41 | Emails Regarding Meeting | | X | X |
| 42 | Carmody Email 7-17-2011 | | X | X |
| 43 | LeRoy Memo to Cole 7-11-2011 | | X | X |
| 44 | May 210 Charge in Reporting | | X | X |
| 45 | LeRoy Materials July 2011 | | X | X |
| 46 | Clower Letter to Judge Leonhard 9-23-1010 | | X | X |
| 47 | Job Evaluation 2010 Kevin Carmody | | X | X |
| 48 | Job Evaluation 2009 Kevin Carmody | | X | X |
| 49 | Job Evaluation 2008 Kevin Carmody | | X | X |

EXHIBIT "E"

## EXHIBIT LIST FOR DEFENDANTS

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name: | Carmody v. Board of Trustees | Case No: | 2012-CV-2249 | Page 1 of 1 |
|---|---|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Group Exhibit A, Deborah Thurston Emails | X | X | |
| 2 | Court Order June 25, 2010 | X | X | |
| 3 | Thompson Memo on Group Exhibit A | X | X | |
| 4 | 7/19/10 Ltr. from I. Adesida to K. Carmody – Charge Letter | X | X | |
| 5 | University Code of Conduct | X | X | |
| 6 | Policy on Appropriate Use of Computers | X | X | |
| 7 | 9/7/10 Ltr. S. Reynolds/J. Bohn to C. Thompson/D. Stone- Findings/Recommendations | X | X | |
| 8 | 9/23/10 Ltr. from C. Thompson/D. Stone to K. Carmody- Termination Letter | X | X | |
| 9 | Notification of Appointment 8/16/10 – 8/15/11 | X | X | |
| 10 | Talking Points for Carmody Meeting | X | X | |
| 11 | Recorded Responses to Interview with Jong Shi-Pang | X | X | |
| 12 | Recorded Response of D. Thurston | X | X | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT "F"

## JOINT EXHIBIT LIST

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name: Carmody v. Board of Trustees | | Case No: 2012-CV-2249 | Page 1 of 1 |
|---|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Group Exhibit A, Deborah Thurston Emails | X | X | |
| 2 | Court Order June 25, 2010 | X | X | |
| 3 | Thompson Memo on Group Exhibit A | X | X | |
| 4 | 7/19/10 Ltr. from I. Adesida to K. Carmody – Charge Letter | X | X | |
| 5 | University Code of Conduct | X | X | |
| 6 | Policy on Appropriate Use of Computers | X | X | |
| 7 | 9/7/10 Ltr. S. Reynolds/J. Bohn to C. Thompson/D. Stone- Findings/Recommendations | X | X | |
| 8 | 9/23/10 Ltr. from C. Thompson/D. Stone to K. Carmody- Termination Letter | X | X | |
| 9 | Notification of Appointment 8/16/10 – 8/15/11 | X | X | |
| 10 | Talking Points for Carmody Meeting | X | X | |
| 11 | Recorded Responses to Interview with Jong Shi-Pang | X | X | |
| 12 | Recorded Response of D. Thurston | X | X | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT "G"

PROPOSED JURY INSTRUCTIONS - JOINT

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.01

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.02

## EVIDENCE

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.04

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.05

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.

Fifth, the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.06

# NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.07

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.08

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.09

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.11

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence.In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.12

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

Joint Jury Instruction No. _____Joint
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.13

## PRIOR INCONSISTENT STATEMNTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.14

## LAWYER INTERVIEWING WTNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.16

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.17

## ABSENCE OF EVIVDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Joint Juury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.18

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.27

## SELECTION OF PRESIDING JUROR:
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.32

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me.

If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.33

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No. 1.34

## VERDICT FORM – ONE PLAINTIFF, THREE DEFENDANTS

On plaintiff's claim against defendant Sharon Reynolds, we find in favor of (check one):

Plaintiff _____ or

Defendant _____

On plaintiff's claim against defendant Joseph Bohn, we find in favor of (check one):

Plaintiff _____ or

Defendant _____

On plaintiff's claim against defendant Deborah S. Stone, we find in favor of (check one):

Plaintiff _____ or

Defendant _____

Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff Kevin Carmody.

We find plaintiff's damages to be:

$_____ (state the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

You may not award punitive damages against any defendant unless you have first found against that defendant and awarded plaintiff _____ nominal or actual damages.

We assess punitive damages against defendant Sharon Reynolds as follows:

$_____ (stating the amount or, if none, write the word "none").

We assess punitive damages against defendant Joseph Bohn as follows:

$_____ (stating the amount or, if none, write the word "none").

We assess punitive damages against defendant Deborah S. Stone as follows:

$_____ (stating the amount or, if none, write the word "none").

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.151

*Page 1 of 2*

Please sign and date below and return the entire Verdict Form to the marshal (each juror must sign the form).

Date: _____

_____        _____
Foreperson                                Juror

_____        _____
Juror                                     Juror

_____        _____
Juror                                     Juror

_____        _____
Juror                                     Juror

_____        _____
Juror                                     Juror

_____        _____
Juror                                     Juror

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.151

*Page 2 of 2*

GENERALLY

To prove Plaintiff's claim, Plaintiff Kevin Carmody must prove the following four things by a preponderance of the evidence:

First, Plaintiff Carmody was an employee of the University of Illinois with a reasonable expectation of continued employment;

Second, Plaintiff Carmody was discharged from that employment;

Third, before Plaintiff's discharge, Plaintiff Carmody was not given a reasonable notice of charges and given a reasonable opportunity to contest the reasons for Plaintiff's discharge; and

Fourth, as a result of the discharge, Plaintiff Carmody suffered damage.

Joint Jury Instruction No. _____
_____Given
_____Rejected
_____Withdrawn
_____Objected to
Source:  Federal Jury Practice and Instructions No. 168.100 (Modified)

## MITIGATION OF DAMAGES

If you find plaintiff was injured as a result of conduct by defendants in violation of Section 1983, you must determine whether plaintiff could have done something to lessen the harm suffered, defendants have the burden to prove by a preponderance of the evidence that plaintiff could have lessened or reduced the harm done to plaintiff and that plaintiff failed to do so.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 166.143

## NATURE OF THE ACTION

Plaintiff Kevin Carmody claims Defendants Sharon Reynolds, Joseph Bohn, and Deborah S. Stone violated Section 1983 of Title 42 of the United States Code. Specifically, Plaintiff Kevin Carmody claims that, while employed by the University of Illinois, Plaintiff was discharged without first having been given a reasonable notice of charges and a reasonable opportunity to respond.

Defendants deny Plaintiff was discharged without first having been given notice of charges and an opportunity to respond.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.80 (Modified)

## ACTUAL DAMAGES

If you find plaintiff was not given the notice of charges and opportunity to respond to which plaintiff was entitled, then you must decide whether the plaintiff suffered any damage as a direct result. A damage award to plaintiff may provide such amounts as would make plaintiff whole and also compensate plaintiff for any mental or emotional distress plaintiff suffered.

To award any element of damages, you must find plaintiff has proved a basis for such damages in the evidence. You may not award damages based on speculation or guesswork.

If you find the plaintiff suffered wage loss, then you may award as damages the wages that plaintiff has lost and the present value of the wages that plaintiffs is reasonably certain to lose in the future because of his denial of the opportunity to contest the charges against him.

If you find plaintiff suffered mental or emotional distress, loss of reputation, or other damage caused by the denial of an opportunity to contest the charges against plaintiff, then you may award such damages that flow naturally from the defendant's actions, regardless of whether there may have been good grounds to discharge plaintiff.

Where mental or emotional distress or loss of reputation are proven, I cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to your conscience, good sense, and sound judgment. You should not act unreasonably through bias, passion or sympathy. You should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate plaintiff for all the injuries, if any, you find plaintiff suffered.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.140

## NOMINAL DAMAGES

If you find in favor of plaintiff under instruction _____, but you find plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.141

## GENERALLY

Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendants.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: Federal Jury Practice and Instructions No. 168.120

**ISSUE**

Plaintiff claims that defendants Sharon Reynolds, Joseph Bohn and Deborah S. Stone

violated his right to procedural due process prior to his termination of employment with the

University of Illinois in violation of the Fourteenth Amendment to the United States

Constitution.  The defendants deny this claim.

Joint Jury Instruction No. _____
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to
Source: 7th Circuit Pattern Jury Instruction No.

## MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

Joint Jury Instruction No. _____
_____ Given _____
_____ Rejected _____
_____ Withdrawn _____
_____ Objected to _____
Source: 7th Circuit Pattern Jury Instruction No. 1.25 (Modified)

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Joint Jury Instruction No. _____
_____ Given _____
_____ Rejected _____
_____ Withdrawn _____
_____ Objected to _____
Source: 7th Circuit Pattern Jury Instruction No. 1.31

## PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the Defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Kevin Carmody and against a Defendant, then, in addition to any other damages to which you find the Plaintiff is entitled, you may, but are not required to, award Plaintiff Kevin Carmody an additional amount as punitive damages if you find it is appropriate to punish the Defendants or deter Defendants and others from like conduct in the future. Whether to award Plaintiff Kevin Carmody punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use to punish a Defendant for injury the Defendant may have inflicted upon nonparties or those whom they directly represent.

Joint Jury Instruction No. _____
_____Given
_____Rejected
_____Withdrawn
_____Objected to
Source: Federal Jury Practice and Instructions No. 168.142 (Modified)

EXHIBIT "H"

PLAINTIFF'S PROPOSED INSTRUCTIONS

None

EXHIBIT "I"

DEFENDANTS' PROPOSED INSTRUCTIONS

None