# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

JAN 14 2016

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| KEVIN RICHARD CARMODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 12-2249-CSB |
| | ) | |
| | ) | |
| SHARON REYNOLDS, JOSEPH | ) | |
| BOHN, and DEBORAH S. STONE, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff claims that Defendants Sharon Reynolds, Joseph Bohn, and Deborah S. Stone violated his constitutional right to procedural due process prior to the termination of his employment. Specifically, Plaintiff claims that, while employed by the University of Illinois, he was discharged without first having been given a reasonable notice of the charges against him and a reasonable opportunity to respond.

Defendants deny that Plaintiff was discharged without first having been given notice of the charges and an opportunity to respond.

You must give separate consideration to the claim against each Defendant in this case.  Although there are three Defendants, it does not follow that if one is liable, any of the others is also liable.

To succeed on this claim, Plaintiff must prove several things by a preponderance of the evidence:

1.    Plaintiff was an employee of the University of Illinois with a reasonable expectation of continued employment;

2.    Plaintiff was discharged from that employment;

3.    Before Plaintiff's discharge, Plaintiff was not given an adequate pre-termination hearing, specifically, he was not given reasonable notice of the charges and/or given a reasonable opportunity to contest the reasons for his discharge; and

4.    As a result of Defendants' failure to give him an adequate pre-termination hearing, Plaintiff suffered damage.

Plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence.  If you find Plaintiff has proven each of the things required of him, then you must return a verdict for Plaintiff.  However, if you find that Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendants.

If you decide for Defendants on the question of liability, then you should not consider the question of damages.

If you find that Plaintiff was not given the notice of charges and opportunity to respond to which he was entitled, then you must decide whether Plaintiff suffered any damage as a direct result.  A damage award to Plaintiff may provide such amounts as would make Plaintiff whole and also compensate Plaintiff for any mental or emotional distress Plaintiff suffered.

To award any element of damages, you must find Plaintiff has proved a basis for such damages in the evidence.  You may not award damages based on speculation or guesswork.

If you find Plaintiff suffered mental or emotional distress, loss of reputation, or other damage caused by the denial of an opportunity to contest the charges against Plaintiff, then you may award such damages that flow naturally from the Defendants' actions, regardless of whether there may have been good grounds to discharge Plaintiff.

Where mental or emotional distress or loss of reputation are proven, I cannot give you any rule by which to measure the specific amount of damages resulting from such an injury.  This is a matter that is left to your conscience, good sense, and sound judgment.

You should not act unreasonably through bias, passion or sympathy. You should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Plaintiff for all the injuries, if any, you find Plaintiff suffered.

If you find Plaintiff was injured as a result of conduct by Defendants, you must determine whether Plaintiff could have done something to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that Plaintiff could have lessened or reduced the harm done to Plaintiff and that Plaintiff failed to do so.

If you find in favor of Plaintiff, but you find Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar ($1.00).

If you find for Plaintiff, you may, but are not required to, assess punitive damages against one or more of the Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against one or more of the Defendants.  You may assess punitive damages only if you find that the conduct of one or more of the Defendants was malicious or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will and spite, or is done for purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason is setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the

24

amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

The verdict form reads as follows.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN RICHARD CARMODY,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>)<br><br>**SHARON REYNOLDS, JOSEPH**<br>**BOHN, and DEBORAH S. STONE,** )<br><br>**Defendants.** ) | **No.: 12-2249-CSB** |

## JURY VERDICT

On Plaintiff's procedural due process claim against Defendant Sharon Reynolds, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

On Plaintiff's procedural due process claim against Defendant Joseph Bohn, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

On Plaintiff's procedural due process claim against Defendant Deborah S. Stone, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

*If you found in favor of Plaintiff and against any one of the Defendants, complete the following section.  If you found in favor of all three Defendants, please sign and date this form because you will not award any damages.*

Plaintiff's wage loss                                    $_____

Plaintiff's mental or emotional distress and

loss of reputation                                       $_____

Nominal damages                                          $_____

*If you have awarded damages to Plaintiff, you may also award punitive damages.*

Punitive damages  against Reynolds                       $_____

Punitive damages  against Bohn                           $_____

Punitive damages  against Stone                          $_____


Fill in the date, and each juror must sign the form.

Date:            _____


_____                    _____

Presiding Juror


_____                    _____


_____                    _____


_____                    _____